NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3116

WALTER ROSADO,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,
BUREAU OF CUSTOMS AND BORDER PROTECTION,

Respondent.

Walter Rosado, of New York, New York, pro se.

Carrie A. Dunsmore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director,  and  Kathryn A. Bleecker, Assistant Director.

Appealed from:   Arbitrator Decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3116

WALTER ROSADO,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, BUREAU OF CUSTOMS AND BORDER PROTECTION,

Respondent.

_____

DECIDED: August 8, 2007

_____

Before NEWMAN, LOURIE, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Walter Rosado appeals from the decision of an arbitrator dismissing his grievance and affirming the Department of Homeland Security, Bureau of Customs and Border Protection's (the "agency's"), decision to terminate Rosado's employment. Because the arbitrator's decision was supported by substantial evidence and in accordance with law, we <u>affirm</u>.

BACKGROUND

Rosado was employed by the agency from 1992 until his termination in 2005, at which time he held the position of Senior Immigration Inspector. In May 2003, Supervisory Immigration Inspector Desiree Lowe reported that Rosado had sexually assaulted her in August and November of 2000. Following an investigation, Rosado was served a letter on September 8, 2004 proposing to terminate his employment based upon a charge of Inappropriate Conduct of a Sexual Nature supported by six specifications, including three separate sexual assaults of Lowe. After consideration of the investigative report and Rosado's oral and written replies, Area Director Susan Mitchell sustained the charge and all six specifications. In determining the appropriate penalty, Mitchell considered the Douglas factors, including Rosado's position as a law enforcement officer who carried a weapon, and concluded that termination was the appropriate sanction. See Douglas v. VA, 5 M.S.P.R. 280 (1980). The agency served Rosado a termination letter dated July 27, 2005, that terminated his employment effective August 5, 2005.

Rosado invoked arbitration through Local 1917 on August 5, 2005. The arbitration hearing took place on August 10 and 11, 2006, and the arbitrator issued her decision on December 7, 2006. The arbitrator found the agency had met its burden of proving five of the six specifications, and did not make a finding as to the other specification. She also found that the agency's table of offenses and penalties was only one factor in assessing the reasonableness of a penalty. Thus, the arbitrator concluded that although the table suggested a maximum penalty of a thirty-day suspension for

offenses of a type similar to those committed by Rosado, the penalty of removal was reasonable in light of Rosado's actions.

Rosado appealed to this court, and we have jurisdiction pursuant to 5 U.S.C. §§ 7121(f) and 7703(b) and 28 U.S.C. § 1295(a)(9).

DISCUSSION

On appeal, Rosado argues that the arbitrator erred by reading Chatman v. Department of the Army, 73 M.S.P.R. 582 (1997), to allow an agency to deviate from its table of offenses and penalties when a more severe penalty is "reasonable." Rosado argues that instead, the correct standard is whether the more severe penalty is "appropriate." Rosado also argues that Mitchell, the deciding official, did not provide an adequate explanation of her reasons for choosing a more severe penalty than recommended in the agency's table of offenses and penalties. Finally, Rosado argues that there is no evidence in the record to support a finding that the table is not meant to be binding and is only a guide. Rosado requests that this court either reduce the penalty to a thirty-day suspension in accordance with the suggested maximum in the table or remand the case to the agency for further development of the record.

In response, the government argues that to the extent there is any legally significant difference between reasonableness and appropriateness, reasonableness of the decision to deviate from the table of offenses and penalties was the standard applied in Chatman. The government also argues that Rosado's claim of inadequate explanation is based on an incorrect statement of the law because "an agency is only bound by its table of penalties if the agency intends it to be binding." Br. at 15 (citing Farrell v. Dep't of the Interior, 314 F.3d 584 (Fed. Cir. 2002)). Finally, the government

argues that the range of penalties in the table of offenses and penalties, and the instructions on use accompanying the table, clearly demonstrate that it is meant to be a guide and not binding on the agency.

We agree with the government that the arbitrator's decision was supported by substantial evidence and in accordance with law. "This court reviews decisions of arbitrators in grievances affecting federal employees under the same standard of review that is applied to decisions from the Merit Systems Protection Board." Giove v. Dep't of Transp., 230 F.3d 1333, 1338 (Fed. Cir. 2000) (citing 5 U.S.C. § 7121(f)). The scope of our review in an appeal from a decision of the Merit Systems Protection Board (the "Board") is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). In addressing whether a table of penalties is binding on an agency, we stated that "an agency statement, not issued as a formal regulation, binds the agency only if the agency intended the statement to be binding." Farrell, 314 F.3d at 590. Our review of an agency's penalty determination is highly deferential and requires a showing that the penalty is grossly disproportionate to the offense charged. Bieber v. Dep't of the Army, 287 F.3d 1358, 1365 (Fed. Cir. 2002) (citations omitted).

The content of the agency's table of offenses and penalties clearly indicates that it is only a guide and was not meant to be binding on the agency. The description of offenses is incomplete and quite broad, and accompanied by a range of possible

penalties.  For example, entry B3, which Rosado argues corresponds to his charged offense, lists, "Inappropriate and/or unwelcome verbal or physical behavior of a sexual nature, including teasing, jokes, gestures, display of visual material, or requests for sexual favors."  This description falls far short of describing acts of the seriousness of the offenses that Rosado committed.  Further, as noted by the government, the instructions accompanying the table describe it as exemplary only, a guide, and not a set of mandatory rules.  Because the guide was not intended to be binding, it was only one factor to considered along with the other Douglas factors.  The record includes a worksheet from the deciding officer showing her consideration of the Douglas factors, and the arbitrator also heard testimony from the deciding officer during the arbitration proceeding.  We agree with the arbitrator that in light of the seriousness of the specifications and other evidence of record, there is no question that the agency's decision to terminate Rosado was reasonable, and we thus affirm her decision.